IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| In re | Chapter 12 |
| **Edgar Lyle Mitchell and Erica Suzanne Mitchell,** | Case No. 13-22077-REB |
| | Judge Brizendine |
| **Debtors.** | |

## DEBTORS' CHAPTER 12 PLAN

The Debtors, Edgar Lylee Mitchell and Erica Suzanne Mitchell (hereinafter referred to as "Debtor"), propose the following plan of reorganization:

### ARTICLE I
### TREATMENT OF UNCLASSIFIED CLAIMS
### AND CLASSIFICATION OF CLAIMS

#### A. UNCLASSIFIED CLAIMS

Creditors having filed and allowed priority claims under 11 U.S.C. § 507(a) will be paid in cash in full as soon as practical after confirmation or in such deferred payments as a particular holder may agree to accept.

#### B. CLASSIFIED CLAIMS

| | |
|---|---|
| CLASS 1 | Bank of America, N.A. |
| CLASS 2 | CNH Capital America LLC |
| CLASS 3 | Wells Fargo Bank, N.A. |
| CLASS 4 | United Community Bank |
| CLASS U | General Unsecured Debt |
| CLASS A | Administrative Expenses |

### ARTICLE II
### TREATMENT OF CLASSES UNDER THE PLAN

Each class of creditors shall be treated as follows under the Plan:

**CLASS 1        Bank of America, N.A.**

The claim of Bank of America, N.A. ("BOA") is secured by a first lien security deed on the Debtor's real property located at 27 Hopper Road, Cleveland, Georgia, in White County, comprising 5.43 acres more or less and a single-family residence (the "BOA Collateral"). The BOA Collateral is valued at $200,000. BOA has filed Claim No. 9 in the amount of $221,449.78

Debtors propose to pay BOA's allowed claim as follows: Debtor will pay BOA the lesser of the value of its collateral or its secured claim, amortized over thirty (30) years, bearing interest at an annual rate of three (3.00%) percent. Principal and interest shall be paid every month, with the first monthly installment of principal and interest due on March 1, 2014, and equal payments of principal and interest due every month thereafter until the balance of the secured claim is paid in full. During the pendency of this case the Chapter 12 Trustee shall make monthly payments of $844.00 out of the funds paid to her by Debtors. Thereafter Debtors shall make the payment directly to BOA at the address given on its proof of claim if one is filed or as shown in the schedules if no proof of claim is filed. BOA shall retain its lien on the BOA Collateral for the amount of its secured claim as set forth herein. The Debtors shall be responsible for maintaining the property taxes on the BOA Collateral and maintaining insurance on the BOA Collateral in an amount of at least the value of the Collateral as set forth herein and shall pay those amounts directly to the insurer and the property tax commissioner. Except as expressly modified by the terms of this Plan, the terms and conditions of the loan documents (including any Note(s) and Deeds to Secure Debt in favor of BOA) shall survive Confirmation.

In the event any of the collateral is disposed of with approval of BOA or by Court order, then the installments will be recalculated to reflect any reduction in principal.

**CLASS 2        CNH Capital America LLC**

The claim of CNH Capital America LLC ("CNH") is secured by a security interest in a 2003 TN70 New Holland Tractor and implements (the "CNH Collateral") The CNH Collateral is valued at $13,000.00. CNH has filed Claim No. 1 in the amount of $11,067.67.

Debtors proposes to pay the allowed claim of CNH as follows: Debtor will pay CNH the lesser of the value of its collateral or its secured claim, amortized over five (5) years, bearing interest at an annual rate of four (4.00%) percent. Principal and interest shall be paid every month, with the first monthly installment of principal and interest due on March 1, 2014, and equal payments of principal and interest due every month thereafter until the balance of the secured claim is paid in full. During the pendency of this case the Chapter 12 Trustee shall make monthly payments of $204.00 out of the funds paid to her by Debtors. Thereafter Debtors shall make the payment directly to CNH at the address given on its proof of claim if one is filed or as shown in the schedules if no proof of claim is filed. CNH shall retain its lien on the CNH Collateral for the amount of its secured claim as set forth herein. Except as expressly modified by the terms of this Plan, the terms and conditions of the loan documents (including any Note(s), Security Agreements, and Financing Statements in favor of CNH) shall survive Confirmation.

**CLASS 3    Wells Fargo Bank, N.A.**

The claim of Wells Fargo Bank, N.A. ("Wells Fargo") is secured by a security interest in and to a 2003 Ford Expedition (the "Wells Fargo Collateral") The Wells Fargo Collateral is valued at $5,475.00. Wells Fargo has filed Claim No. 3 in the amount of $12,068.90.

Debtors proposes to pay the claim of Wells Fargo on the Wells Fargo Collateral as follows: Debtor will pay Wells Fargo the lesser of the value of its collateral or its secured claim, amortized over five (5) years, bearing interest at an annual rate of four (4.00%) percent. Principal and interest shall be paid every month, with the first monthly installment of principal and interest due on March 1, 2014, and equal payments of principal and interest due every month thereafter until the balance of the secured claim is paid in full. During the pendency of this case the Chapter 12 Trustee shall make monthly payments of $101.00 out of the funds paid to her by Debtors. Thereafter Debtors shall make the payment directly to NGB at the address given on its proof of claim if one is filed or as shown in the schedules if no proof of claim is filed.  Wells Fargo shall retain its lien on the Wells Fargo Collateral for the amount of its secured claim as set forth here. Except as expressly modified by the terms of this Plan, the terms and conditions of the loan documents (including any Note(s), Security Agreements, and Financing Statements in favor of Wells Fargo) shall survive Confirmation.

**CLASS 4    United Community Bank**

The claim of United Community Bank ("UCB") is secured by a second priority security deed on Debtors' property located at 27 Hopper Road, Cleveland, Georgia, in White County, and comprising 5.43 acres more or less and a single-family residence (the "UCB Collateral"). The UCB Collateral is valued at $200,000.00. UCB has filed Claim No. 7 in the amount of $27,077.77. The UCB Collateral is subject to a senior secured debt to BOA in the amount of $221,449.78.

The UCB Claim shall be treated as unsecured pursuant to 11 U.S.C. § 506(a). Upon entry of a discharge in this case the security interest of UCB contained in Deed Book 1266, Pages 85-92 of the White County, Georgia, Real Property Records shall be deemed **void** and shall be **extinguished automatically** without further Court Order, pursuant to 11 U.S.C. § 506(d). If this bankruptcy case is dismissed or converted to Chapter 7, the security interest of UCB shall not be affected by this Order in accordance with 11 U.S.C. § 349(b)(1)(C) or 348(f)(1)(B), as applicable.

**CLASS U    GENERAL UNSECURED CREDITORS**

Unsecured claims that are otherwise unclassified shall receive all of the debtor's projected disposable income (as such term is defined in 11 U.S.C. § 1225(b)(2) to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

**CLASS A    ADMINISTRATIVE EXPENSES**

Debtor anticipates administrative expenses for attorney's fees in the amount of $7,500. Such expenses shall be paid as approved by the Court at a rate of up to $500 per month

from the funds available to the Chapter 12 Trustee after making monthly payments to Classes 1 through 5.

The Trustee shall receive a fee from each disbursement as provided for by law.

## ARTICLE III

### A.  MEANS FOR EXECUTION OF THE PLAN

The funds necessary for the payments provided for by the Plan will come from the Debtor's operations, and other business and non-business income, loans to the Debtor, and, if necessary, from the liquidation or abandonment of assets by the Debtor.  Additionally, Debtor shall use such funds of the Bankruptcy Estate as are being held by the Chapter 12 Trustee and not otherwise applied to payment of any expense by order of this Court for the operation of the Debtor's dog breeding business. The Debtor shall submit such portion of the future income of the Debtor to the supervision and control of the Trustee as is necessary for the execution of the Plan.

Notwithstanding anything else in this plan to the contrary, during the pendency of this plan the Debtor shall submit to the Trustee the sum of $1,875.00 to fund the Trustee's payments to Classes 1 through 3, Class U, and Class A.

### B.  EXECUTORY CONTRACTS

Debtors are a party to a lease contract for real property with Larry Savage, which they will assume.

Any other executory contracts or leases not assumed or rejected prior to the effective date of the Plan are rejected.  Claims arising from the rejection of executory contracts or leases must be filed with the Court and served on the Debtor within thirty (30) days from the date of confirmation of the Plan in order to be allowed.

## ARTICLE IV
## OPERATION

Debtor will continue their farming operation, including the raising of poultry.

**1.**

Debtor shall be the Debtor-in-Possession (hereinafter "Debtor") with full and complete power and authority to continue the operation, control and possession of the property and the assets of the Debtor in the same manner as prior to the filing of these proceedings, and with such other authority and responsibility as is hereinafter designated or required, but subject to the direction of the Bankruptcy Court (hereinafter "Court").  After confirmation, Debtor may employ Cummings & Kelley PC as required, as legal advisor.  After confirmation, Debtor may employ an accountant for bookkeeping and preparation of income tax returns.  The Debtor shall retain all rights and powers accorded by 11 U.S.C. § 1203 until the closing of the case.

**2.**

Title to the Debtor's property shall revest in the Debtor upon confirmation of the Plan, subject to any liens retained by creditors pursuant to this plan or granted to creditors hereunder. Allowed secured claims shall retain their liens upon the fair market value of the collateral securing said claims, subject to the provisions of the Plan.

**3.**

The Debtor shall compute disposable income, subject to review by the Trustee. In determining disposable income, expenses necessary for the continuation, preservation, and operation of the Debtors' business shall include the estimated cost of maintaining land to be farmed and farm buildings, seed, fertilizer, chemical, and other crop input expenses, rent, taxes, fuel and utilities, labor, equipment repair and replacement, insurance, and interest on operating loans.

**4.**

Upon payment of the amount provided by the Plan for any secured claim, the lien upon the Debtors' property securing said claim shall be deemed canceled. Any creditor holding such lien shall execute and file all documents as are necessary to cancel such lien as of record.

**5.**

The Debtor may pre-pay Debtor's obligations under the Plan without penalty or charge of unaccrued interest.

**6.**

Where the Debtor have proposed a modification of the Plan, the Debtor shall not be in default with respect to the terms being modified pending Court consideration of the proposed modification.

**7.**

The Debtor and Trustee expressly preserve any and all claims, objections, defenses, set-offs, counterclaims, or the like which the Debtor may have had or may have against the holder of any claim or arising out of or related to any claim, and any and all such claims, objections, defenses, set-off, counterclaims, or the like of the Debtor shall survive confirmation and consummation of the Plan.

**8.**

In the event of a conversion to a case under another Chapter of Title 11 of the U.S. Bankruptcy Code, the Debtor shall have the right to redeem collateral pursuant to Section 722 of the Bankruptcy Code.

## ARTICLE V
## CLOSING OF THE CASE AND DISCHARGE

The case may be closed within six (6) months after the third year.  Prior to closing, the Debtor shall have an accounting by the Trustee for payments in accordance with the Plan.  The Debtor shall be discharged from pre-petition debts as the treatment of each debt under the provisions of the Plan is completed.  Closing of the case shall terminate the Bankruptcy Estate and the services of the Trustee.  The Court shall retain jurisdiction through the closing of the case, and may reopen the case for further administration on request of the Debtor.

## ARTICLE VI
## EFFECTIVE DATE OF THE PLAN AND
## MODIFICATION OF THE PLAN

The effective date of the Plan shall be February 15, 2014.  Debtor may propose amendments or modifications of the Plan at any time prior to the confirmation of the Plan, and the Plan, as modified, shall become the Plan.  After confirmation, the Debtor may modify this Plan with leave of Court prior to completion of payments under the Plan.

## ARTICLE VII
## MOTION TO CONFIRM

Debtor request that the Court confirm a Plan of payments for claims over a period of three (3) years or until payments to the Internal Revenue Service are completed, whichever last occurs, (except for allowed secured claims and claims on which the last payment is due after three (3) years), pursuant to 11 U.S.C. Section 1222(c).

Dated: January 4, 2014

**CUMMINGS & KELLEY PC**

By:    */s/ Charles N. Kelley, Jr.*
Charles N. Kelley, Jr.
Georgia State Bar No. 412212
Attorneys for Debtor

P.O. Box 2758
Gainesville, Georgia 30503-2758
(770) 531-0007