

**IT IS ORDERED as set forth below:**

**Date: March 20, 2014**

_____

**Robert E. Brizendine**
**U.S. Bankruptcy Court Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | { | CHAPTER 12 |
| EDGAR LYLE MITCHELL | { | |
| ERICA SUZANNE MITCHELL | { | CASE NO.: G13-22077-REB |
| DEBTORS | { | |
| | { | |

### AMENDED ORDER CONFIRMING PLAN

**The Order entered on March 18, 2014, contained an incorrect statement in paragraph 4. The only change in this Order is the striking of the first sentence in paragraph 4 which stated "The Debtors' Plan proposes to pay all unsecured creditors the full amount of their claim." This statement is in conflict with the plan. The Order is HEREBY AMENDED TO THE FOLLLOWING.**

The Debtor's Second Amended Chapter 12 Plan, filed on February 3, 2014 [Docket No. 36]

(the "Plan") came on for confirmation on March 12, 2014. It appears to the Court that a copy of said

Plan was transmitted to all holders of claims and interests in the case. It further appears to the Court

that a notice scheduling the hearing on Confirmation of the Plan for February 12, 2014 [Docket

No. 28], was sent to all holders of claims and interests. The hearing was continued to March 12,

2014, and due notice provided of that continuance.

*In re Mitchell*, Case No. 13-22077, Order on Confirmation of Chapter 12 Plan
Page 2

At the Confirmation Hearing the Court heard from Charles N. Kelley, Jr., counsel for the

Debtors in Possession, and Nancy J. Whaley, the Standing Chapter 12 Trustee. Based upon the

unopposed proffers made by Mr. Kelley and Ms. Whaley at the hearing on confirmation of the Plan

and all the pleadings and other documents filed on the docket in this case, the Court finds as follows:

1.      The Plan complies with all the provisions of Chapter 12 of the Bankruptcy Code

and with all other applicable provisions of the Bankruptcy Code.

2.      All fees, charges, or other amounts required under Chapter 123 of Title 28 of the

United States Code have been paid. The Plan does not require any other fees, charges, or other

amounts to be paid prior to confirmation.

3.      The Debtors have proposed the Plan in good faith and not by any means forbidden

by law.

4.      The value, as of the Effective Date, of property to be distributed under the Plan on

account of each allowed unsecured claim is not less than the amount that would be paid on such

claim if the estate of the Debtors was liquidated under Chapter 7 of the Bankruptcy Code on the

Effective Date.

5.      The Plan proposes to pay all secured creditors the value of their collateral and that

each such creditor retain its lien. Accordingly, the Plan meets the requirements of 11 U.S.C. §

1225(a)(5)(B) that each holder of a secured claim retain the lien securing such claim and that the

value, as of the Effective Date, of property to be distributed by the trustee or the debtor under the

Plan on account of such claim is not less than the allowed amount of such claim.

6.      The Debtors have substantial income from the operation of their poultry farm.

*In re Mitchell*, Case No. 13-22077, Order on Confirmation of Chapter 12 Plan
Page 3

Over the last two years the Debtors have reduced their expenses by surrendering real property

and leasing the land required to raise poultry. Based on the unopposed proffer of Mr. Kelley the

Court finds that the Debtors will be able to make all the payments required by the Plan and to

otherwise comply with the provisions of the Plan.

7.    The Debtors do not have any Domestic Support Obligations (as defined by 11

U.S.C. § 101(14A)).

8.    All filed objections to the Plan have been resolved to the satisfaction of the

objecting creditor and the Chapter 12 Trustee.

Accordingly, it is hereby

1.    **Debtors shall submit with each monthly payment a profit and loss statement
to the Chapter 12 Trustee.**  This statement must reflect all income and expenses
for the previous month.  Debtors must submit all bank statements on a quarterly
basis.

2.    Debtors shall pay to the Chapter 12 Trustee the sum of $2,000.00 per month
beginning March 2014 and shall continue making payments on or before the 15th
day of each month for a 36 month period.

3.    **The Debtors' first six months of plan payment shall be made on a strict
compliance basis.** If the Debtors fail to make any plan payments in a timely
manner, then after providing notice to the Debtors and twenty days to cure said
default, the Trustee or Creditor may submit a short motion to court with an Order
of Dismissal stating such failure and the case shall be dismissed.

*In re Mitchell*, Case No. 13-22077, Order on Confirmation of Chapter 12 Plan

Page 4

4.     The Trustee shall receive her statutory fee as set forth by the United States Trustee.

5.     The term of payments under the Plan is 36 months from the Effective Date of the Plan. **The Effective Date of the Plan is March 1, 2014.**

6.     **The Trustee shall disburse funds in the following manner:**

**Class 1: Bank of America, N.A. ("BOA")**. (Claim 9 and Trustee Claim 5). BOA shall have a **secured claim in the amount of $200,000.00.** BOA shall receive **$844.00 on a monthly basis** beginning March 2014 and shall be paid by the Trustee. This payment shall include principal and an annual interest rate of 3%. The Trustee shall fund $30,384.00 or 36 payments. The Debtor shall then commence making payments directly to BOA and continuing until the secured claim of BOA is paid in full. BOA shall have an unsecured claim of $21,449.78 to be paid in Class U.

**Class 2:  CNH Capital America LLC ("CNH").**  (Claim 1 and Trustee Claim 1): CNH shall have a fully secured claim in the amount of $12,597.69. CNH shall receive **$233.00 on a monthly basis** beginning March 2014 and shall be paid by Trustee. This payment shall include principal and an annual interest rate of 4.00%. The Trustee shall fund $8388.00 or 36 payments. The Debtor shall then commence making payments directly to CNH and continuing until the secured claim of CNH is paid in full.

**Class 3**:  **Wells Fargo Bank, N.A. ("Wells Fargo") (Claim 3 and Trustee Claim 3):  Wells Fargo** shall have a **secured claim in the amount of $8,400.00**. Wells Fargo shall receive **$160.00 on a monthly basis** until the secured claim is paid in full. Payments will begin March 2014 and shall be

*In re Mitchell*, Case No. 13-22077, Order on Confirmation of Chapter 12 Plan
Page 5

paid by the Trustee.  This payment shall include principal and an annual

interest rate of 5.00%.  The Trustee shall fund $5760.00 or 36 payments. The

Debtor shall then commence making payments directly to Wells Fargo until

the secured claim of Wells Fargo is paid in full. Wells Fargo shall have an

unsecured claim of $3668.00 to be paid in Class U.

**Class 4**:  **United Community Bank ("UCB") (Claim 7 and Trustee Claim**

**7):  UCB** shall have an unsecured claim paid in Class U.    UCB filed a secured

claim in the amount of $27,077.77.   Debtor's plan voids UCB's lien upon

discharge and treats the claim as a general unsecured creditor.

**Class 5**:  **Mountain Valley Community Bank ("MVCB") (Claim 10 and**

**Trustee Claim 17**):  **MVCB** shall have a **secured claim in the amount of**

**$2586.19.**  MVCB shall receive **$77.00 per month beginning March 2014**

**and shall be paid in full during the term of the plan by the Trustee.**  This

payment shall include principal and an annual interest rate of 4.00%.  MVCB

shall have an unsecured claim of $5685.03 to be paid in Class U.

**Class U: General Unsecured Claims:**   Class U consists of General

Unsecured Claims ("Unsecured Claims") for which valid Proofs of Claim have

been filed.   Unless otherwise ordered by the Court, attorney fees and

unsecured claims shall receive a pro rata portion of the Debtor's Disposable

Income **for 3 years for years** beginning in **January 2014** and ending in

**December 2014, December 2015 and December 2016.**  The sum of

$84,500.00 annually shall be deemed as reasonable and necessary for the

continuation, preservation and operation of Debtor's farm.  The sum of

$62,736.00 annually shall be deemed as reasonably and necessary for the

*In re Mitchell*, Case No. 13-22077, Order on Confirmation of Chapter 12 Plan
Page 6

maintenance and support of the Debtor and Debtor's dependents, unless modified by the Court.  The Debtor shall account annually to the Trustee for all income and expenses.  The accountings are due no later than 45 days following December 31 for the years of 2014, 2015 and 2016. The Debtor shall also provide to the Trustee a copy of their tax returns for each year in which the Debtor remain in their case.   The Debtor shall tender all disposable income to the Chapter 12 Trustee no later than March 30 of the respective year.

**Class A: Administrative Expenses:**  All administrative claims shall be paid in full from the first funds available, including the fees and expenses of the Chapter 12 Trustee. The **Trustee is entitled to her statutory fee as set forth by the United States Trustee, up to 10% and currently at 5%,** on all receipts received by the Trustee. Upon approval of the Fee Application, the Legal Fees shall be paid and funded through the Trustee in the amount of $500.00 per month for duration of the plan or until the fee is paid in full.

Upon completion of the Debtor's plan and upon discharge, the liens on Debtor's property securing said claim shall be deemed satisfied and canceled unless the debts have not been paid in full in accordance with the plan or the payment of the debt extends beyond the term of the plan.

With respect to any conflict between this Order and Debtor's Plan, the Order of Confirmation shall rule as to payments to be paid by the Trustee and the Plan governs all other aspects.  Any provision not addressed by this Order shall be governed by the Debtor's Amended Plan of February 3, 2014.

**THEREFORE IT IS ORDERED AND ADJUDGED** that the Plan filed on

*In re Mitchell*, Case No. 13-22077, Order on Confirmation of Chapter 12 Plan
Page 7

February 3, 2014 **is *confirmed*** pursuant to 11 U.S.C. § 1225.  All provisions of the Plan shall bind Debtors, all entities receiving property under the Plan, all Creditors, and all Interest Holders, whether or not the Claims or Interests of such Creditors or Interest Holders are impaired under the Plan, and whether or not such Creditors or Interest Holders have accepted the Plan.

The Clerk of the Court is directed to serve this Order on the Debtor, Counsel for Debtors, the Chapter 12 Trustee and all interested parties.

**END OF DOCUMENT**

Presented By:                                      Reviewed By:

_/s/_____            __/s_____
Nancy J. Whaley, Esq.                        Charles N. Kelley, Jr.
Chapter 12 Trustee                             Cummings & Kelley, PC
GA Bar No. 377941                           GA Bar No. 412212
SunTrust Plaza Garden Suite 120        P.O. Box 2758
303 Peachtree Center Avenue            Gainesville, GA 30503-2758
Atlanta, GA  30303                            Telephone number: 770-531-0007
Telephone number: 678-992-1209